UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA N.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 24-cv-11015<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

## I.　　Introduction

Plaintiff Angela N. appeals the final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits and supplemental security income under the Social Security Act.  ECF No. 1.  The Honorable F. Kay Behm referred the case to the undersigned for hearing and determination of all non-dispositive motions and for a report and recommendation under 28 U.S.C. § 636(b)(1).  ECF No. 13.

The Court entered a briefing schedule, with plaintiff's motion for summary judgment due on December 9, 2024.  ECF No. 10.[1]  Plaintiff filed no dispositive motion, so the Court ordered her to show cause why her claims should not be dismissed for failure to prosecute.  ECF No. 14.  Plaintiff requested adjournment of the briefing schedule, and the Court amended the schedule, with plaintiff's motion for summary judgment due on March 5, 2025.  ECF No. 16.  On that date, plaintiff filed a letter that addressed her divorce judgment but did not allege any errors on the part of the administrative law judge, which is required for the Court to grant her relief.  ECF No. 17.

The Court ordered plaintiff to show cause by April 4, 2025, why she is entitled to summary judgment, warning that failure to respond "will result in a recommendation to dismiss the case for failure to prosecute under E.D. Mich. LR 41.2."  ECF No. 18.  Plaintiff did not respond.

The Court thus **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

---

[1] The briefing schedule was included in an order requiring the parties to file notice about whether they consented to this Court exercising full jurisdiction over this litigation, but it remained in effect.

## II.     Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D. Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad

3

faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

Analysis of the *Knoll* factors supports dismissal. For the first factor, plaintiff is at fault because she failed to move for summary judgment or respond to the Court's second order to show cause. Although there is no evidence that the Commissioner was prejudiced by plaintiff's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, plaintiff was twice warned that failure to respond to an order to show cause could result in dismissal of her action. ECF No. 14; ECF No. 18. And there is no less drastic sanction available because plaintiff has failed to respond to filings as ordered, even after being warned that her failure to respond could lead to the dismissal of his complaint. "[D]ismissal is the only appropriate remedy because [plaintiff] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**.

                                         s/Elizabeth A. Stafford
                                         ELIZABETH A. STAFFORD
                                         United States Magistrate Judge

Dated: May 1, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

5

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2025.

                                          s/Davon Allen
                                          DAVON ALLEN
                                          Case Manager